UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BLAKE EDMOND CODY, <br><br> Plaintiff, <br><br> v. <br><br> TAD MILLER, Boise City Police Department, JASON GREEN, Boise City Police Department, DAN MUGUIRA, Boise City Police Department, JORDAN McCARTHY, Boise City Police Department, JIM CROMWELL, Boise City Police Department, and JOE DEL RIO, Boise City Police Department, <br><br> Defendants. | Case No. 1:15-cv-00326-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are Plaintiff's renewed Motion for Appointment of Counsel (Dkt. 53), his Motion for Summary Judgment (Dkt. 55), and his Motion to Appear by Phone at the January 29, 2018 pretrial conference (Dkt. 57). Defendants, for their part, have file a Motion to Strike Plaintiff's Late Filed Motion for Summary Judgment (Dkt. 59).

For the reasons explained below, the Court will grant defendants' motion to strike and deny plaintiff's late-filed motion for summary judgment. The Court will also grant plaintiff's motion for appointment of counsel and will deem plaintiff's motion to appear by telephone moot.

**MEMORANDUM DECISION AND ORDER - 1**

# PROCEDURAL BACKGROUND

In August 2015, Plaintiff Blake Edmond Cody sued six Boise City Police Department Officers, claiming that they used excessive force against him during a traffic stop. In September 2017, this Court granted summary judgment in favor of two of the officers, but denied the remaining defendants' motion for summary judgment. Trial is scheduled to begin on February 12, 2018. A telephonic pretrial conference is scheduled for January 29, 2018.

# DISCUSSION

## A. Plaintiff's Motion for Summary Judgment

The Court will begin with plaintiff's motion for summary judgment. This Court has already denied plaintiff's first motion for summary judgment, which was late-filed in any event. *See Sept. 27, 2017 Memorandum Decision & Order*, Dkt. 51, at 24. Inexplicably, plaintiff has again filed a substantially identical motion. The Court will summarily deny this motion and grant the defendants' motion to strike.

## B. Plaintiff's Motion for Appointment of Counsel

Plaintiff has also filed another request for appointment of counsel.

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

The Court concludes that Plaintiff has demonstrated some likelihood of success in this litigation and that the complexity and novelty of the issues – particularly as those issues will be presented in the context of a trial, as opposed to in written briefing – support the appointment of pro bono counsel. The Court has previously denied plaintiff's similar motions, but litigating an excessive-force claim at trial is a more difficult, complex task than litigating such a claim on paper. Accordingly, the Court will grant the motion, but plaintiff should be aware that the federal court has no authority to *require* attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *See also Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible. If court staff is unable to locate pro bono counsel for Plaintiff, then he will have to proceed pro se.

C. **Plaintiffs' Motion to Appear by Telephone**

Plaintiff has moved to appear by telephone at the January 29, 2018 *telephonic* pretrial conference. The Court will deny this motion as unnecessary. The plaintiff does not need a Court order to appear by telephone; the hearing is already scheduled as a telephonic hearing.

# ORDER

**IT IS ORDERED that:**

(1) Plaintiff's Motion for Summary Judgment (Dkt. 55) is DENIED.

(2) Defendants' Motion to Strike (Dkt. 59) is GRANTED.

(3) Plaintiff's Motion to Appear by Phone (Dkt. 57) is DENIED AS MOOT.

(4) Plaintiff's Motion for Appointment of Counsel (Dkt. 53) is GRANTED to the extent set forth above. The Court will attempt to appoint pro bono counsel for the limited purpose of assisting or representing Plaintiff with trial preparation and at the trial scheduled to begin February 12, 2018.

(5) Pursuant to General Order Nos. 261, 262, and 310, the Court's Pro Bono Coordinator shall contact the Pro Bono Liaison for assistance in finding pro bono counsel for Plaintiff pursuant to the terms of this Order. Plaintiff shall not contact the Coordinator but shall await another Order from the Court identifying which pro bono counsel, if any, has been appointed to assist or represent Plaintiff.

**(6)** The Clerk of Court shall provide a courtesy copy of this Order to the Court's Pro Bono Coordinator.

DATED: December 28, 2017

B. Lynn Winmill  
Chief Judge  
United States District Court