UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BLAKE EDMOND CODY,<br><br>    Plaintiff,<br><br>    v.<br><br>TAD MILLER, Boise City Police Department, JASON GREEN, Boise City Police Department, DAN MUGUIRA, Boise City Police Department, JORDAN McCARTHY, Boise City Police Department, JIM CROMWELL, Boise City Police Department, and JOE DEL RIO, Boise City Police Department,<br><br>    Defendants. | Case No. 1:15-cv-00326-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Blake Edmond Cody's Motion for Appointment of Counsel (Dkt. 77) and his Motion to Appear by Phone (Dkt. 78). The Court finds these matters appropriate for decision without oral argument. For the reasons explained below, the Court will deny the motion for appointment for counsel. The motion to appear by telephone is moot.

## BACKGROUND

On May 11, 2014, Cody was involved in a physical altercation with four Boise City Police Department officers. He claims that they used excessive force, in violation of his constitutional rights, during the altercation. The matter is scheduled for trial on

September 24, 2018.

## DISCUSSION

**1. Motion for Appointment of Counsel**

Plaintiff is proceeding *in forma pauperis*, and he has repeatedly asked the Court to appoint counsel for him. *See* Dkts. 9, 25, 27, 31, 46, 49, 53, 77. The Court denied those requests until December 2017, when it became apparent that this matter was headed to trial. The Court then granted one of Cody's motions, explaining that although the Court had denied earlier motions, "litigating an excessive-force claim at trial is a more difficult, complex task than litigating such a claim on paper." *Dec. 28, 2017 Order,* Dkt. 60 at 3. Nevertheless, the Court informed Cody that it had no authority to *require* an attorney to represent him. *See id.* at 3. The order granting the motion explained:

> [W]hen a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible. If court staff is unable to locate pro bono counsel for Plaintiff, then he will have to proceed pro se.

*Id.* (internal citation omitted).

After issuing this Order, the Court, through its pro bono coordinator, reached out to 12 different attorneys in an effort to find counsel for Cody. None of these attorneys accepted the request. As the Court has explained earlier, it cannot force attorneys to represent Cody; it can only *request* representation. *See generally* 28 U.S.C. § 1915(e)(1) ("The court may *request* any attorney to represent any person unable to afford counsel") (emphasis added); *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296,

298 (1989). Under these circumstances, Cody's renewed motion for appointment of counsel will be denied.

   2. **Motion to Appear by Phone**

Cody's motion to appear by phone is unnecessary. The Court already expects Cody to appear at the August 30, 2018 hearing telephonically; it is a telephonic pretrial conference. The Court will thus expect that prison officials to ensure Cody has access to a telephone at 3:00 p.m., August 30, 2018. The Court will therefore find the motion moot.

## ORDER

**IT IS ORDERED that:**

(1) Plaintiff's Motion for Appointment of Counsel (Dkt. 77) is **DENIED**.

(2) Plaintiff's Motion to Appear by Phone (Dkt. 78) is **MOOT**.

DATED: August 22, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge