UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BLAKE EDMOND CODY,<br><br>    Plaintiff,<br><br>    v.<br><br>TAD MILLER, Boise City Police Department, JASON GREEN, Boise City Police Department, DAN MUGUIRA, JORDAN McCARTHY, Boise City Police Department, JIM CROMWELL, Boise City Police Department, JOE DEL RIO, Boise City Police Department,<br><br>    Defendants. | Case No. 1:15-cv-00326-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are Defendants' First and Second Motions in Limine (Dkts. 65, 86). For the reasons explained below, the Court will grant the First Motion in Limine and grant in part and deny in part the Second Motion in Limine.

## BACKGROUND

On May 11, 2014, Cody was involved in a physical altercation with four Boise City Police Department officers. He claims they used excessive force during the altercation. The matter is scheduled for trial on September 24, 2018.

**MEMORANDUM DECISION AND ORDER - 1**

# GOVERNING LEGAL STANDARD

There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

# DISCUSSION

**1.    Motion in Limine No. 1: Expert Witnesses**

In their first motion in limine, defendants ask for an order "preventing the Plaintiff from calling any expert witnesses not timely and properly disclosed and from introducing any medical records not provided to Defendants through seasonable supplementation." Dkt. 65, at 2. Cody does not oppose this motion.

The disclosure of expert witnesses is required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(A) provides as follows:

> (A)  In General. In addition to the disclosures required by Rules 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.

Fed. R. Civ. P. 26(a)(2)(A). The disclosure of an expert witness must be accompanied by a report containing a synopsis of the expert's opinion and the basis of the opinion, unless the parties stipulate or the court orders otherwise. R. 26(a)(2)(B). In general, a party must disclose the expert witness and report "at the times and in the sequence that the court

orders." R. 26(a)(2)(D). However, when the expert witness will present rebuttal testimony, the party must disclose the expert witness "within 30 days after the other party's [expert] disclosure." R. 26(a)(2)(D)(ii). The parties have a continuing obligation to provide supplemental disclosures if the expert's opinion, or basis thereof, is modified. *See id.* R. 26(a)(2)(E) ("The parties must supplement these disclosures when required under Rule 26(e)"). Failure to provide proper and timely disclosure of an expert witness, may result in sanctions, including exclusion of the expert's testimony. *Id.* R. 37(c)(1).

Here, expert reports were due in 2016. Cody has not identified any expert witnesses; he has not supplied any expert reports; he has not asked for an extension of the applicable deadlines; and he does not argue that any failures were substantially justified or harmless. Accordingly, the Court will grant defendants' First Motion in Limine. *See generally Hilborn v. Metropolitan Group Property & Cas. Ins. Co.*, No. 2:12-cv-00636-BLW, 2014 WL 4073224, at *1 (D. Idaho Aug. 15, 2014) ("in order for any expert witness to testify at trial, the expert must comply with Rule 26(a)(2)").

2.  **Motion in Limine No. 2**

In their Second Motion in Limine, defendants ask for an order

(1) Prohibiting the Plaintiff from disputing that he hit an officer and that he attempted to remove an officer's gun.

(2) Prohibiting the Plaintiff from arguing that Defendants used excessive force at any time after the Plaintiff grabbed Officer Del Rio's gun.

The Court will grant the first request but deny the second.

**MEMORANDUM DECISION AND ORDER - 3**

### A. Cody's Underlying State Court Convictions

Before he filed this civil rights action, Cody pleaded guilty to two state court offenses: (1) Battery on a Law Enforcement Officer; and (2) Removing a Firearm from a Law Enforcement Officer. This Court has already determined that under *Heck v. Humphrey*, 512 U.S. 477 (1994), Cody cannot challenge the factual determinations that underlie these state-court convictions. *See Sept. 27, 2017 Order,* Dkt. 51, at 8-9. In an earlier order, the Court explained how *Heck* cabined Cody's current claim:

> [H]e says he did not hit an officer, did not attempt to grab another officer's gun, and basically did nothing wrong. . . . This is precisely the sort of theory that is barred by *Heck,* as these assertions squarely challenge the factual determinations necessarily underlying Cody's state-court convictions. Accordingly, Cody cannot pursue his excessive force claim to the extent it is based on such assertions. *See, e.g., Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 645 (9th Cir. 2013) (unpublished opinion) ("to the extent Plaintiffs maintain they did nothing wrong and were arrested without reason, the district court correctly dismissed their § 1983 and state law claims in light of *Heck* . . . .").

*Sept. 27, 2017 Order,* Dkt. 51, at 8-9.

Given this ruling – and the *Heck* bar generally – the Court will not allow Cody to testify (or otherwise introduce evidence) that he did not strike an officer or grab Officer Del Rio's gun.

### B. Excessive Force After The Gun Grab

The Court will deny defendants' request for an order preventing Cody from *arguing* that Defendants used excessive force at any time after Plaintiff grabbed Officer Del Rio's gun.

As noted above, the function of an in limine motion is "to exclude anticipated

prejudicial *evidence* before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (emphasis added). Defendants are not focusing on evidence in this particular motion; instead, the officers ask for an in limine order preventing Cody from *arguing* that they used excessive force after Cody grabbed Officer Del Rio's gun.

The Court will deny the motion. The jury will hear the evidence regarding the physical confrontation that occurred on May 11, 2014, and that evidence will presumably include evidence leading up to and following the gun grab. During closing arguments, the parties may argue that the evidence shows – or does not show – that the officers acted with excessive force. The jury will also be instructed as to the law governing excessive-force claims.

Finally, to the extent defendants suggest that the Court's Order supports their request for an in limine order on this point, the Court is not persuaded. The Court never intended to so limit the plaintiff. Further, having reviewed the decision, the Court is not persuaded that any language within that decision suggests that plaintiff should be prohibited from either (1) introducing evidence regarding the officers' conduct after the gun grab; or (2) arguing that the officer acted with excessive force at some point after the gun grab.

## ORDER

**IT IS ORDERED that:**

1. Defendants' First Motion in Limine (Dkt. 65) is **GRANTED.**

2. Defendants' Second Motion in Limine (Dkt. 86) is **GRANTED IN PART AND DENIED IN PART** as explained above.

3. The Clerk is directed to serve a copy of this order upon Plaintiff via regular mail at Plaintiff's listed address and via email to ashedd@idoc.idaho.gov.

DATED: September 20, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge